UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINIDAD SERNA,<br><br>    Plaintiff,<br><br>  vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant. | ) Case No. CV 05-7961 (RNB)<br>)<br>)<br>) ORDER REVERSING DECISION OF<br>) COMMISSIONER, AND REMANDING<br>) FOR FURTHER ADMINISTRATIVE<br>) PROCEEDINGS<br>)<br>)<br>) |

The Court now rules as follows with respect to the three disputed issues listed in the Joint Stipulation[1]:

1. <u>The ALJ failed to articulate the requisite specific and legitimate reasons for rejecting the opinions of plaintiff's treating physician.</u>

It is well established in this Circuit that a treating physician's opinion is entitled to special weight, because a treating physician is employed to cure and has a greater

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1  opportunity to know and observe the patient as an individual.  <u>McAllister v. Sullivan</u>,
2  888 F.2d 599, 602 (9th Cir. 1989).  "The treating physician's opinion is not, however,
3  necessarily conclusive as to either a physical condition or the ultimate issue of
4  disability."  <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989).  The weight
5  given a treating physician's opinion depends on whether it is supported by sufficient
6  medical data and is consistent with other evidence in the record.  20 C.F.R. §§
7  404.1527 and 416.927(d)(2).  If the treating physician's opinion is uncontroverted by
8  another doctor, it may be rejected only for "clear and convincing" reasons.  <u>Lester v.
9  Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996); <u>Baxter v. Sullivan</u>, 923 F.3d 1391, 1396 (9th
10 Cir. 1991).  Where the treating physician's opinion is controverted by the opinion of
11 other physicians of record, it may be rejected only if the ALJ makes findings setting
12 forth specific and legitimate reasons that are based on the substantial evidence of
13 record.  <u>Magallanes</u>, 881 F.2d at 751; <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir.
14 1987).

15     Here, the ALJ failed to specify any reasons for rejecting Dr. Shelton's opinions
16 regarding plaintiff's functional limitations.[2]  Contrary to the Commissioner's
17 contention, the mere fact that Dr. Shelton's opinions were controverted by the
18 opinions of other physicians of record is not in itself a sufficient reason to reject Dr.
19 Shelton's opinions, but rather is merely determinative of the governing standard for
20 rejecting his opinions.
21 ///
22 ///
23 ///

---

[2]    The ALJ's one "negative" comment about Dr. Shelton's assessment (i.e., that his clinical notes did not support his observation of positive leg raising) does not qualify as a specific and legitimate reason, since (as plaintiff points out, and as the ALJ and Dr. Alpern apparently overlooked), the medical record does document other instances of the same medical observation.  (<u>See</u>, e.g., AR 119, 126, 156).

2

2. <u>The ALJ erred in rejecting plaintiff's heel pain in assessing plaintiff's residual functional capacity ("rfc").</u>

For the reasons stated by plaintiff at pages 12-14 and 15-16 of the Joint Stipulation, the Court concurs with plaintiff that the ALJ erred in rejecting plaintiff's heel pain in assessing plaintiff's rfc.

3. <u>The ALJ failed to make a proper vocational determination.</u>

Finally, the Court concurs with plaintiff that the vocational expert's testimony did not constitute "substantial evidence" upon which the ALJ could properly rely in support of her Step Five determination that plaintiff retained the rfc to perform jobs existing in significant numbers in the national economy. To the extent that the vocational expert was opining that a hypothetical person who is unable to communicate in English was capable of performing the job of hand packager as defined in the Dictionary of Occupational Titles ("DOT") at code 920.587-018 and the job of laundry worker II as defined at DOT code 361.685-018, the vocational expert's testimony constituted a deviation from the job requirements set forth in the DOT, and specifically a deviation from the language level 1 requirement. Social Security Ruling[3] 00-4p requires that, when there is an apparent unresolved conflict between the vocational expert's testimony and the DOT, the ALJ must clarify the discrepancy. The ALJ did not do so here. <u>See</u> <u>Pinto v. Massanari</u>, 249 F.3d 840, 846-47 (9th Cir. 2001) (holding that the ALJ had erred in relying on a job description that failed to comport with the claimant's noted English language limitations, without explaining the deviation); <u>see also</u> <u>Light v. Social Security Administration</u>, 119 F.3d 789, 793 (9th Cir. 1997) (reversing <u>inter alia</u> on the ground that the job categories the ALJ found suitable for the claimant were all inconsistent with the claimant's

---

[3] The Ninth Circuit has stated that Social Security Rulings are binding on ALJs. <u>See</u> <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

documented impairments, including his poor reasoning skills, and neither the ALJ nor the vocational expert had explained the reason for departing from the DOT); Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (making "explicitly clear" that "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation.").

### **Order**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

Here, the Court has concluded that a remand for further administrative proceedings is appropriate because it appears that there is evidence in the record to which the Commissioner can point in order to provide the requisite specific and legitimate reasons for rejecting Dr. Shelton's opinions regarding plaintiff's functional limitations.[4] See Salvador, supra (remanding where ALJ had failed to provide the requisite specific and legitimate reasons for disregarding a treating physician's opinion

---

[4] For example, Dr. Shelton's opinions regarding plaintiff's functional limitations conflicted with other evidence of record on which the ALJ could properly rely, including the consultative examiner's opinions and evidence in the record regarding plaintiff's daily activities. The Court further notes that plaintiff is not even contesting the ALJ's adverse credibility determination. The law is well established in this Circuit that an ALJ may legitimately accord less weight to, or reject, the opinion of a doctor based on the self reporting of an unreliable claimant where that claimant's complaints have been properly discounted. See Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).

and "other medical evidence in the record seems substantially to support the ALJ's decision that Salvador is not disabled"); <u>McAllister</u>, <u>supra</u> (remanding where ALJ had failed to provide the requisite specific and legitimate reasons for disregarding a treating physician's opinion).

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings.

DATED:   August 29, 2006

/s/
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE